# In the United States Court of Federal Claims

No. 13-882T

(Filed: August 7, 2014)

|  |  |  |
|---|---|---|
| **MARIA ESTHER MONTIEL,** | ) ) ) | Tax case; claim for refund of taxes paid by a person alleged to be a nonresident |
| **Plaintiff,** | ) ) | alien; timeliness of request for refund; I.R.C. §§ 6511, 7422; genuine dispute of |
| v. | ) ) | jurisdictional fact |
| **UNITED STATES,** | ) ) |  |
| **Defendant.** | ) ) ) |  |

Patrick W. Martin, Procopio, Cory, Hargreaves & Savitch LLP, San Diego, California, for plaintiff. With him on the brief was Eric D. Swenson, Procopio, Cory, Hargraves & Savitch LLP, San Diego, California.

Jennifer Dover Spriggs, Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Kathryn Keneally, Assistant Attorney General, Tax Division, and David I. Pincus, Chief, and Mary M. Abate, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Judge LETTOW

In this tax case, plaintiff Maria Montiel seeks to obtain a refund for her 2007 and 2008 federal income taxes, which she contends were erroneously collected from her by the Internal Revenue Service ("IRS"). Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

## BACKGROUND[1]

Ms. Montiel, a citizen and resident of Mexico, filed suit in this court on November 7, 2013, after her refund claims for overpaid income taxes in 2007 and 2008 were denied by the

---

[1]The recitation of background information does not constitute findings of fact by the court and is given solely to provide a context for deciding the current motion. Unless otherwise noted, however, the circumstances appear to be undisputed.

1

IRS. The critical question in the case is whether Ms. Montiel is a nonresident alien or a resident alien. This question has jurisdictional implications given the specific factual setting presented.

*Tax Year 2007*

On March 16, 2008, Ms. Montiel filed a Form 1040, United States Individual Income Tax Return, with the IRS for the tax year 2007, pursuant to the advice and direction of a United States tax return preparer. Compl. ¶ 9.[2] The form designated Ms. Montiel's filing status as "resident alien" and listed a family member's address in California as her own, causing the form to be filed at the IRS's Fresno Service Center. Compl. ¶ 10. With the return, Ms. Montiel paid both tax and an estimated tax penalty. Compl. Ex. A, at 2. Subsequently, Ms. Montiel determined that she was a "nonresident alien" for federal tax purposes under 26 U.S.C. ("I.R.C.") § 7701(b)(1)(B), and should have filed a Form 1040NR for 2007. Compl. ¶ 11.[3] Accordingly, she set out to amend her original Form 1040 for that year. Compl. ¶ 12.

On June 10, 2011, Ms. Montiel filed a Form 1040X, Amended Individual Income Tax Return for 2007, together with a completed Form 1040NR and a copy of her original Form 1040 for 2007. Compl. ¶ 12 & Ex. B. The submission reflected both an overpayment and a refund request in the amount of $8,772. *Id*. That request, however, was denied by the IRS on May 31, 2012 as untimely. Compl. ¶ 14 & Ex. D; *see also* Def.'s Mot. to Dismiss at 3, ECF No. 14. According to the IRS, Ms. Montiel had to file her amended form by April 15, 2011, that is, within three years of filing her income tax return on April 15, 2008,[4] or within two years of paying her 2007 taxes. Compl. Ex. D; *see also* Def.'s Mot. to Dismiss at 3. Because Ms. Montiel's submission in June 2011 exceeded that deadline by two months, the IRS deemed her ineligible for a refund. Compl. Ex. D.

---

[2]Some dates listed by the parties in their briefs and exhibits vary slightly in several respects. In all but one instance, which is noted, the legal analysis remains unaffected by these variations. The dates cited in this opinion are derived from Ms. Montiel's complaint, as courts must construe allegations of the complaint in favor of the pleader when evaluating a motion to dismiss under Rule 12(b)(1). *See Northwest La. Fish & Game Pres. Comm'n v. United States*, 574 F.3d 1386, 1390 (Fed. Cir. 2009) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)); *Edwards v. United States*, 92 Fed. Cl. 277, 282 (2010).

[3]During both the tax years of 2007 and 2008, Ms. Montiel was a citizen and resident of Mexico City in Mexico, who traveled in the United States on a B1/B2 visa as a visitor for business and pleasure. Pl.'s Brief in Opp'n to Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Pl.'s Opp'n") at 2, ECF No. 15. She allegedly spent less than 60 days in the United States each year. *Id*.

[4]In accord with I.R.C. § 6513, the IRS considers all tax returns "filed before the last day prescribed for filing . . . as filed on such last day." I.R.C. § 6513(a). Thus, despite the fact that Ms. Montiel filed her tax return on March 19, 2008, the IRS marked it as filed on April 15, 2008, the due date for individual income tax returns filed by U.S. residents under I.R.C. § 6072(a). *See* Def.'s Mot. to Dismiss at 2.

*Tax Year 2008*

Ms. Montiel also filed a Form 1040, U.S. Individual Income Tax Return, for the 2008 tax year. Compl. ¶ 19. Filed on February 25, 2009, this form similarly designated Ms. Montiel's filing status as "resident alien," and again listed her relative's address in California as her own, resulting in another filing at the IRS's Fresno Service Center. Compl. ¶¶ 19, 20 & Ex. F. As before, she paid both tax and an estimated tax penalty, Compl. Ex. F, at 2, but later amended that return to conform with "nonresident" status. Compl. ¶¶ 21-22 & Exs. G & H; *see also* Def.'s Mot. to Dismiss at 3. She filed a Form 1040X, Amended Individual Income Tax Return, on June 13, 2012, attaching a completed Form 1040NR for a "nonresident alien" and a copy of her original Form 1040 for 2008, reflecting an overpayment and refund request for $2,254. Compl. ¶ 22 & Exs. G & H. This request was denied by the IRS as untimely on October 9, 2012, given that it was submitted more than three years after April 15, 2009. Compl. ¶ 24 & Ex. I; *see also* Def.'s Mot. to Dismiss at 4.

*The Current Suit*

Ms. Montiel seeks refunds for the 2007 and 2008 tax years, alleging that they were improperly denied by the IRS. She contends that the effective filing date for her original returns, and thus the start of the IRS's three-year statute of limitations for her amended returns, should have been June 15, the deadline set forth in I.R.C. § 6072(c) for tax returns filed by "nonresident aliens," not April 15, the deadline for returns filed by U.S. residents. *See* Compl. ¶¶ 15, 25; *see also* 26 U.S.C. § 6072(c) ("Returns made by nonresident alien individuals . . . shall be filed on or before the 15th day of June following the close of the calendar year.").[5] The government, however, argues that because Ms. Montiel originally filed as a "resident alien," the IRS justifiably started her limitations period on April 15 and properly denied her refund claims. Def.'s Mot. to Dismiss at 6-8. Ms. Montiel contends that her tax deadline should have been based on her nonresidency status and not the form she filed, *see* Pl.'s Opp'n at 8-10, but the government maintains that she forewent a June 15 filing date when she represented herself as a resident of the United States for tax purposes and cannot now use a different status to legitimate her late filing for a refund, *see* Def.'s Reply Brief in Support of Mot. to Dismiss ("Def.'s Reply") at 8, ECF No. 16.

**JURISDICTION**

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has jurisdiction to hear certain monetary claims against the United States government. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any

---

[5]While Ms. Montiel alleges that she promptly filed her Form 1040X for 2008 on June 13, 2012, Compl. ¶ 22, the government avers that she did so on June 16, 2012, Def.'s Mot. to Dismiss at 6, which would exceed both the April 15 and June 15 deadlines. This discrepancy presents a dispute of jurisdictional fact. In support of her position, Ms. Montiel provided a copy of her amended return dated June 8, 2012, along with a copy of a receipt from the Postal Service for certified mail, dated June 13, 2012. Compl. Ex. G.

Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). That said, the Act itself does not create a substantive right to monetary relief. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, plaintiffs must identify an additional money mandating statute in order to recover damages from the government. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (citing *Testan*, 424 U.S. at 400).

Here, I.R.C. § 7422(a) provides the requisite statutory basis for tax refund suits. *See Edwards*, 92 Fed. Cl. at 280-81 (citing *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994)). However, Subsection 7422(a) stipulates that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . *until a claim for refund or credit has been duly filed with the Secretary*." I.R.C. § 7422(a) (emphasis added). I.R.C. § 6511 sets forth the requirements for "duly filed" refund claims. *Edwards*, 92 Fed. Cl. at 281. It states that such claims must be "filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid." I.R.C. § 6511(a). No credits or refunds may be made after that time. I.R.C. § 6511(b)(1).

The filing requirements of Subsection 6511(a), particularly the deadlines for refund claims, constitute a jurisdictional bar. *See United States v. Brockamp*, 519 U.S. 347, 350 (1997), *superseded in part by statute*, *i.e.*, the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3302(a), 112 Stat. 685, 740-41, *as recognized in Brosi v. Commissioner*, 120 T.C. 5, 12 n.6 (2003); *see also Murdock v. United States*, 103 Fed. Cl. 389, 392-93 (2012) (comparing Subsection 6511(a), which is jurisdictional for this court, to Subsection 6511(b), which is not). Consequently, when read together, as suggested by the Supreme Court, Sections 6511 and 7422 bar suits for refunds when the underlying refund claims fail to comply with the time limits imposed by Subsection 6511(a). *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5 (2008); *see also Radioshack Corp. v. United States*, 566 F.3d 1358, 1361 (Fed. Cir. 2009).

**STANDARD FOR DECISION**

Under RCFC 12(b)(1), a claim should be dismissed for lack of subject matter jurisdiction if the statute invoked by the plaintiff is not money-mandating, or, if the applicable statute of limitations is jurisdictional and bars the claim presented. *Edwards*, 92 Fed. Cl. at 282 (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008), and *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007)). When considering a motion to dismiss under Rule 12(b)(1), the court must construe all unchallenged factual allegations in the pleader's favor. *Reynolds*, 846 F.2d at 747; *Montano Elec. Contractor v. United States*, 114 Fed. Cl. 675, 679 (2014) (citing *McAfee, Inc. v. United* States, 111 Fed. Cl. 696, 706 (2013)). The plaintiff, however, must prove any disputed jurisdictional facts by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds*, 846 F.2d at 748; *see also Edwards*, 92 Fed. Cl. at 282 ("With respect to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction." (citing *Reynolds*, 846 F.2d at 748)).

## ANALYSIS

Whether Ms. Montiel's refund claims were timely within the statute of limitations set by Subsection 6511(a) depends upon her resident status. I.R.C. § 7701 defines an individual as a nonresident alien if she is neither a citizen nor a resident of the United States. I.R.C. § 7701(b)(1)(B). An alien is deemed a resident for tax purposes if she has been lawfully admitted for permanent residence or has been substantially present in the United States. I.R.C. § 7701(b)(1)(A)(i), (ii). Paragraph 7701(b)(3) stipulates that an individual is substantially present in the United States for tax purposes if she (i) was present in the United States on at least 31 days during the calendar year, *and* (ii) the sum of the number of days on which she was present in the United States during the current year and the two preceding calendar years (when multiplied by an applicable multiplier) exceeded 183 days. I.R.C. § 7701(b)(3)(A).[6]

In her complaint, Ms. Montiel alleges that she never qualified as a resident for tax purposes in 2007 or 2008. Pl.'s Opp'n at 6. Rather, she avers that she was a citizen and resident of Mexico, traveling in the United States on a B1/B2 visa for less than 60 days each year. *Id.* Read in conjunction with I.R.C. §§ 7701(b)(1)(A) and (B), this averment indicates that she should have been considered a "nonresident alien" for tax purposes, and that she should have filed a Form 1040NR for each of the tax years in question. *See* Treas. Reg. § 1.6012-1(b)(1) (2012) ("[E]very nonresident alien individual . . . who is engaged in trade or business in the United States at any time during the taxable year or who has income which is subject to taxation under subtitle A of the [I.R.C.] shall make a return on Form 1040NR.").

Residency status directly affects the filing deadlines set by Subsection 6511(a). Unlike citizens and resident wage earners, who must file a Form 1040, Individual Income Tax Return, with the IRS by April 15 every calendar year, *see* I.R.C. § 6072(a), nonresidents have until June 15 to file their comparable Form 1040NR, *see* I.R.C. § 6072(c). The IRS deems all timely returns as filed on their due dates, regardless of when they are actually submitted. I.R.C. § 6513(a). The statute of limitations imposed by Subsection 6511(a) begins to run on the effective filing date.

Ms. Montiel shows that she filed amended returns on June 10, 2011 and June 13, 2012, within three years of the June 15 filing date for "nonresident aliens." She avers that although she originally filed returns on Form 1040 instead of Form 1040NR for 2007 and 2008, those returns should have been deemed filed June 15, 2008 and 2009, respectively, given her residency status. Pl.'s Opp'n at 9. The government does not dispute that Ms. Montiel is a citizen and resident of Mexico. Instead, the government contends that her filing of resident tax returns governs the time her amended returns were due. Def.'s Mot. to Dismiss at 7 ("Under the plain reading of § 6511(a), the phrase 'the return' refers to the form that was actually filed."); *see also id.* at 8 ("[T]hat a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar." (citing *United States v. Dalm*, 494 U.S. 596, 609 n.7 (1990))).

---

[6]Clause 7701(b)(1)(A)(iii) provides that an individual may establish residency even if the foregoing two tests have not been satisfied, if she makes a "first-year election" under I.R.C. § 7701(b)(4). No showing has been made that Ms. Montiel made such an election.

Consequently, the effective filing dates of Ms. Montiel's tax returns for 2007 and 2008 pose disputed issues of jurisdictional fact, as they ultimately determine whether or not Ms. Montiel complied with the statute of limitations imposed by Subsection 6511(a) and can now file suit for refunds.  Notably, Ms. Montiel could have obviated this jurisdictional issue if she had filed her amended returns two months earlier.  On the facts presented, however, the government has not shown that Ms. Montiel's filing of returns on Form 1040 precludes her as a matter of law from submitting her requests for refund based on Form 1040NR within the time allowed for nonresident aliens.  Its arguments by counsel are based upon precedents of tangential relevancy.  To support its argument that Ms. Montiel should be bound by the date her "resident" return was filed, the government conflates the filing of a particular form with the payment of a particular tax.  See Def.'s Reply at 4 (citing *Little People's School, Inc. v. United States*, 842 F.2d 570 (1st Cir. 1988)).  *Little People's School* concerned taxpayers who mistakenly paid taxes, not taxpayers who mistakenly filed incorrect forms.  842 F.2d at 571.  The government's other cited precedents are also unpersuasive.[7]  Because Ms. Montiel has set forth a plausible claim for refunds, provided evidence of her qualifications as a "nonresident alien," and shown her compliance with the filing requirements established for those with "nonresident" status, she has presented triable issues concerning the court's jurisdiction.  The government's motion to dismiss accordingly cannot be granted.  *See Edwards*, 92 Fed. Cl. at 285 (denying a motion by the government to dismiss for lack of jurisdiction because "[t]he court's determination of whether it has subject matter jurisdiction over plaintiff's claim, or is barred from considering the clam because it is outside the statute of limitations, is tied up with its determination of whether plaintiff filed a timely and adequate informal claim for refund); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014) ("If a motion to dismiss for lack of subject matter jurisdiction . . . challenges the truth of the jurisdictional facts alleged in the complaint, the [trial]

---

[7]The government's citation to *Germantown Trust Co. v. Commissioner*, 309 U.S. 304 (1940), Def.'s Reply at 8-9, is closer to the mark, but nonetheless does not directly apply or point to a particular result here.  In that case, a taxpayer had filed a trust return but was later determined to be an association taxable as a corporation.  309 U.S. at 305-06.  The Supreme Court held that the taxpayer's return, although filed on the wrong form, contained all of the information from which a tax could be computed and assessed and consequently was sufficient to bar the Commissioner from preparing a substitute corporate return and assessing a deficiency of tax, after the expiration of the statutory period for doing so if a return was deemed filed.  *Id*. at 308.  The Court held that the return that had been filed was sufficient to trigger the timeliness bar on the Commissioner's subsequent assessment.  *Id*. at 309-10.  *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934), also is a decision similar in effect.  In *Zellerbach Paper*, the Supreme Court held that a return rendered inaccurate or incomplete by an intervening change of law was nonetheless a return for limitations purposes, and thus subsequent assessments were barred.  *Id*. at 180-82.  Drawing upon *Germantown Trust* and *Zellerbach Paper*, courts derived a four-part test to determine whether a filing with the IRS constitutes a "return."  *See In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999); *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986).  These decisions respecting a "return" do not answer the particular jurisdictional question posed in this case.

6

court may consider relevant evidence . . . to resolve the factual dispute." (quoting *Reynolds*, 846 F.2d at 747) (internal quotation marks omitted)).[8]

## CONCLUSION

The facts alleged and plausibly supported indicate that Ms. Montiel may well have complied with the tax refund procedures set forth in I.R.C. §§ 6511 and 7422. Given the resulting genuine dispute of jurisdictional fact, the government's motion to dismiss under RCFC 12(b)(1) is DENIED. Trial must be had on the jurisdictional facts.

On or before September 5, 2014, the government shall file its answer to Ms. Montiel's complaint.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[8] Ms. Montiel references an IRS Service Center Advisory, in which the IRS Office of Chief Counsel addressed the translation of information on a Form 1040 erroneously filed by a nonresident to a Form 1040NR. Pl.'s Opp'n at 9-10 (citing to I.R.S. S.C.A. 200317021 (Apr. 25, 2003)). The government contests the import of the Advisory to this case, Def.'s Reply at 6, but the court need not resolve that resulting disagreement at this juncture. Such an advisory is not precedential, *see Amtel, Inc. v. United States*, 31 Fed. Cl. 598, 602 (1994) ("The Code specifically precludes [plaintiff] and the court from using or citing a technical advice memorandum as precedent." (citing I.R.C. § 6110(j)(3) (codified as amended at I.R.C. § 6110(k)(3)))), and it definitely does not bind the government, *see Estate of Smith v. United States*, 103 Fed. Cl. 533, 566 (2012) ("Memoranda may not be used as precedent and may not be relied on for their substance, but may be used as an indication of IRS administrative practice." (citing *Vons Cos. v. United States*, 51 Fed. Cl. 1, 6-8, 12 (2001), *abrogation on other grounds recognized by Alpha 1, L.P. ex rel. Sands v. United States*, 83 Fed. Cl. 279, 288 (2008))); *Vons Cos.*, 51 Fed. Cl. at 11 ("[General Counsel M]emoranda may be relevant in a refund suit as indicating the IRS['s] interpretation of its own regulations and procedures. However, in that regard, such memoranda are entitled to no more weight or deference than any other informal agency interpretation, including a position taken on brief." (citing *American Express Co. v. United States*, 62 F.3d 1376, 1382-83 (Fed. Cir. 2001)).